PER CURIAM.
The appellant was found guilty of robbery and sentenced to seven years in prison. On this appeal he challenges the sufficiency of the evidence to support the judgment and in addition urges that the court should have dismissed the cause pursuant to Rule 3.190 (c)(4), CrPR, 33 F.S.A.[1]
We have reviewed the record as required to decide the point addressed to the sufficiency of the evidence. The proof of appellant’s guilt is full and convincing. Davis v. State, Fla.App.1972, 3rd D.C.A., 267 So. 2d 85, filed October 10, 1972.
The second point does not present reversible error because appellant’s motion which was presented at the onset of trial was untimely. Nevertheless, we have considered the motion on its merits and find that the trial court would have been correct in denying the motion if it had been timely filed.
Affirmed.

. “Rule 3.190. Pre-Trial Motions

“(c) Time for Moving to Dismiss. — Unless the court grants him further time, the defendant shall move to dismiss the indictment, information or affidavit either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to bo set by the court. Except for objections based upon fundamental grounds, every ground for a motion to dismiss which is not presented by a motion to dismiss within the time herein-above provided for shall be taken to have been waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds :

“(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.”